

**Dated: July 22, 2022.**

**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-10300-tmd |
| | § | |
| WESTECH CAPITAL CORP. | § | |
| | § | |
| Debtor. | § | CHAPTER 7 |

| | | |
|---|---|---|
| GREGORY S. MILLIGAN, as Trustee | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | ADVERSARY NO. 16-01078-tmd |
| | § | |
| GREENBERG TRAURIG, LLP | § | |
| | § | |
| Defendant. | § | |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**REGARDING REPORT AND RECOMMENDATION ON**
**MOTION TO WITHDRAW REFERENCE**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

The U.S. Bankruptcy Court for the Western District of Texas, Austin Division

1

(Bankruptcy Judge Tony M. Davis), submits the following Proposed Findings of Fact and Conclusions of Law ("Proposed Findings and Conclusions") to the U.S. District Court for the Western District of Texas, Austin Division, for consideration and review, in accordance with 28 U.S.C. § 157(d), Rules 5011 and 9033 of the Federal Rules of Bankruptcy Procedure, and Local Rule 5011.

I. **Proposed Findings of Fact**

1. On June 13, 2016, Westech Capital Corp. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, commencing the above-referenced bankruptcy case. On September 19, 2016, the case was transferred to the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Austin Bankruptcy Court"). The case was converted to Chapter 7 on August 8, 2017.

2. This adversary proceeding was pending at the time the case was transferred to the Austin Bankruptcy Court. After two rounds of motions to dismiss and a settlement with Defendants Robert Halder and Gary Salamone, the only claim remaining is the Chapter 7 Trustee's claim against Greenberg Traurig, LLP for knowing participation in Halder and Salamone's breaches of fiduciary duty.

3. On September 14, 2021, the Trustee filed a Motion to Withdraw Reference (ECF No. 185). According to the Trustee, withdrawal of the reference for this adversary proceeding is required because the Trustee has made a jury demand, does not consent to trial by jury by the bankruptcy court, and has preserved his jury trial rights (ECF No. 185).

5. On September 15, 2021, the Defendant Greenberg Traurig filed a Response in Opposition to Plaintiff's Motion to Withdraw Reference to Bankruptcy Court (ECF No. 187).

2

6. On September 22, 2021, the Trustee filed a Reply in Further Support of Motion to Withdraw Reference to Bankruptcy Court (ECF No. 190).

7. On July 8, 2022, Judge Pitman entered an Order Denying the Trustee's Motion to Withdraw the Reference (ECF No. 199). The Court took no substantive position on the Trustee's motion and instead deferred to the United States Bankruptcy Judge's preparation of a report and recommendation on the motion to withdraw the reference.

## II. Proposed Conclusions of Law

8. 28 U.S.C. § 157(d) governs withdrawal of the reference. It provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The second sentence of § 157(d) makes withdrawal of the reference mandatory. Mandatory withdrawal does not apply to this case as resolution of the proceeding does not require "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Rather, the issue here is whether there is a basis for permissive withdrawal of the reference "for cause shown," under the first sentence of § 157(d).

9. Courts weigh various factors in determining whether "cause" exists to withdraw the reference, including (1) whether the proceedings are core or non-core; (2) whether a jury demand has been made; (3) the effect of withdrawal on judicial economy; (4) whether withdrawal will foster uniformity in bankruptcy administration; (5) whether withdrawal will reduce forum-shopping and confusion; (6) whether withdrawal will promote economical use of resources; and (7) whether withdrawal will expedite the bankruptcy process. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).

**A. Core Versus Non-Core Proceeding**

10. The first *Holland* factor is whether the claims at issue are "core" or "non-core" proceedings. Core proceedings are those "that arise in a bankruptcy case or under Title 11." *Stern v. Marshall*, 564 U.S. 462, 476 (2011). *See also Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

11. For core proceedings, bankruptcy courts may enter final judgments. *Stern*, 564 U.S. at 471. But even certain core proceedings may not be adjudicated in bankruptcy court if they are state law claims independent of a federal statutory scheme. *See Miller v. Boutwell, Owens & Co. (In re Guynes Printing Co. of Tex.)*, No. 15-cv-149-KC, 2015 U.S. Dist. LEXIS 80148, at *5 (W.D. Tex. June 19, 2015) (citing *Stern*, 564 U.S. at 492-95, 502). For non-core proceedings, bankruptcy courts must submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment. *Stern*, 564 U.S. at 471.

12. The parties do not dispute that the remaining claim at issue in this proceeding is non-core.

13. Deciding that this is a non-core matter may support withdrawing the reference. That a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that unnecessary costs could be avoided by a single proceeding in the district court. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993). But this factor does not necessarily favor withdrawal of the reference at this stage of the proceeding, because the bankruptcy court can handle all pretrial and discovery matters, which "could considerably expedite the litigation" for the district court. *See Miller v. Boutwell, Owens & Co. (In re Guynes Printing Co. of Tex.)*, No. 15-cv-149-KC, 2015 U.S. Dist. LEXIS 80148, at *6, *10 (W.D. Tex. June 19, 2015) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th

Cir. 1985); *Post Confirmation Bd. of Wadleigh Energy Grp., Inc. v. Wadleigh*, 516 B.R. 850, 856 (E.D. La. 2014)).

**B . Right to a Jury Trial**

19.     The second *Holland* factor is whether a party has a right to a jury trial. This factor is relevant because a bankruptcy judge lacks the authority to conduct a jury trial unless the parties consent. *See In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994). As a result, if a party has invoked her Seventh Amendment jury trial right and does not consent to a jury trial in bankruptcy court, the reference must be withdrawn. *City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *11 (W.D. Tex. Nov. 9, 2011) (citing *In re Clay*, 35 F.3d at 196-97; *Levine v. Blake (In re Blake)*, No: 07-32168, 400 B.R. 200, 205-07 (Bankr. S.D. Tex. Sept. 22, 2008)).

20.     But even if a jury trial is ultimately necessary, immediate withdrawal of the reference is not required. Instead, withdrawal may be deferred until the bankruptcy court has ruled on all dispositive motions, to further judicial economy and expedite the bankruptcy process. *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008). *See In re OCA, Inc.*, No. 06-3811, 2006 U.S. Dist. LEXIS 67035, at *13 (E.D. La. Sept. 19, 2006) ("A number of courts have held that even if a party does have a right to a jury trial, a motion to withdraw is premature until such time it is determined that a jury trial must be conducted.") (citing *Centex Landis Constr. Co. v. Harrah's Entertainment*, 1996 U.S. Dist. LEXIS 12199 (E.D. La. 1996)). *See also City Bank*, 2011 U.S. Dist. LEXIS 129654 at *17 ("A bankruptcy judge can manage the pretrial issues with the potential for de novo review in the district court. And if a jury trial becomes necessary, a party can then move to withdraw the case at that time."). This factor may favor withdrawal at some point. But it does not militate towards immediate withdrawal, as the bankruptcy court may prepare the case for trial.

5

**C. The Effect of Withdrawal on Judicial Economy**

21.     Considerations of judicial economy also bear on the decision to withdraw the reference or refer to bankruptcy court. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). Given the recent decline in bankruptcy filings, it would not be a burden for the bankruptcy court to handle this matter. According to the Administrative Office of the U.S. Courts, personal and business bankruptcy filings fell 16.5 percent for the 12-month period ending March 31, 2022. *Bankruptcy Filings Continue Steady Drop*, UNITED STATES COURTS (May 17, 2022), https://www.uscourts.gov/news/2022/05/17/bankruptcy-filings-continue-steady-drop.

**D. Uniformity in Bankruptcy Administration**

22.     The district court should consider the goal of promoting uniformity in bankruptcy administration. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). Here, the bankruptcy court has overseen the underlying bankruptcy proceeding since September 2016 and has become familiar with the facts and parties. The Court agrees with Greenberg that allowing the bankruptcy court to adjudicate the issues would help ensure uniformity in the various proceedings. Greenberg's Brief 5-7, ECF No. 187. This factor weighs against withdrawal.

**E. Forum-shopping Concerns**

23.     Another *Holland* factor is whether withdrawal will reduce forum-shopping and confusion. *Holland*, 777 F.2d at 999. Forum-shopping raises fairness concerns, as "it is unfair for a party to have a better chance of winning the case because of the forum when the underlying law should be the same." *City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *16 (W.D. Tex. Nov. 9, 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 74-75 (1938); Kevin M. Clermont & Theodore Eisenberg, *Exorcising the Evil of Forum-Shopping*, 80 Cornell L. Rev. 1507, 1511-12 (1995)). Here, the Austin Bankruptcy Court previously ruled against the Trustee regarding the claim at issue, but nothing

else in the record suggests improper forum-shopping. This factor is neutral.

**F. Economical Use of Resources**

24. The district court should also consider the goal of fostering the economical use of the debtors' and creditors' resources. *Holland*, 777 F.2d at 999. Here, the bankruptcy court has become familiar with the facts and parties. That knowledge will likely enable the bankruptcy court to move this case along more quickly than the district court and decrease costs to the parties. This factor counsels against withdrawal of the reference.

**G. Expedited Process**

25. The final *Holland* factor is whether withdrawal will expedite the bankruptcy process. *Holland*, 777 F.2d at 999. Because the bankruptcy court is already familiar with the underlying case and the claim at issue, allowing the case to proceed in bankruptcy court will expedite the bankruptcy process. This factor weighs against withdrawal.

**Conclusion**

26. After weighing the *Holland* factors, the Court concludes and recommends to the District Court that withdrawal is not warranted at this time. The Austin Bankruptcy Court can reserve and issue a report and recommendation separately on the jury trial issue and, in the meantime, supervise discovery and resolve any dispositive motions that are filed.